# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

**SUSAN CAMPBELL**, Individually,
on behalf of herself and on behalf of
all other similarly situated current
and former employees,

                Plaintiffs,

NO. _____

v.

FLSA Opt-In Collective Action

**GSP TRANSPORTATION, INC.**, a
South Carolina Corporation, d/b/a **Thrifty
Rental Car Franchisee, Dollar Rental
Car Franchisee and Hertz Rental Car
Franchisee** and **JEFF SCHOEPFEL**,
Individually**,**

**JURY DEMANDED**

                Defendants.

## COLLECTIVE ACTION COMPLAINT

Plaintiff Susan Campbell, individually, and on behalf of herself and all others similarly situated, hereby files her Collective Action Complaint against Defendants GSP Transportation, Inc. (d/b/a Thrifty Rental Car Franchisee, Dollar Rental Car Franchisee and Hertz Rental Car Franchisee) and Jeff Schoepfel, individually, and alleges as follows:

### I.

### <u>INTRODUCTION</u>

1. Plaintiff, Susan Campbell, ("Plaintiff Campbell") was employed by Defendant GSP Transportation, Inc., ("GSP") and worked at its Thrifty and Dollar Rental Car agencies/franchises in Chattanooga, Tennessee during times relevant to this Collective Action Complaint. Plaintiff Campbell has been a resident of Cleveland, Tennessee during

1

times relevant to this lawsuit. (Plaintiff Campbell's "Consent to Join" this collective action is attached as Exhibit A.)

2. This lawsuit is brought against Defendants GSP and Jeff Schoepfel, individually, (collectively "Defendants") as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation for Plaintiff and other similarly situated current and former employees who are members of a class as defined herein.

3. At all times material to this Collective Action Complaint, Plaintiff and the class performed non-exempt labor duties on behalf of Defendants.

4. Based on the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiff, and those similarly situated employees of Defendants, for all hours worked in excess of forty (40) per week during times relevant to this Collective Action Complaint.

## II.

## JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because GSP regularly conducted business in this district; GSP's wage and hour plans, policies and practices have been administered in this district; and, Plaintiff Campbell was employed by GSP in this district, during all times material to this action.

# III.

## CLASS DESCRIPTION

7.  Plaintiff Campbell brings this action on behalf of herself and the following similarly situated persons:

    All current and former employees of GSP Transportation, Inc. who were classified as exempt General Managers of GSP's Thrifty, Dollar and Hertz Rental Car Agencies/Franchises who work (or have worked) at any of GSP's rental car agencies/franchises within the United States at any time during the applicable limitation's period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations, three years for willful FLSA violations, up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

# IV.

## PARTIES

8.  Defendant GSP Transportation, Inc., is a South Carolina Corporation with its principal executive office located at 2429 S Highway 14, Greer, South Carolina 29650-4737. GSP Transportation, Inc. can be served process through its registered agent in Tennessee: Shannon Walker, 2055 Alcoa Highway, Alcoa, Tennessee 37701-3179.

9.  Defendant Jeff Schoepfel is the CEO, President and majority stockholder of GSP Transportation, Inc. and can be served process at 2429 S Highway 14, Greer, South Carolina 29650-4737.

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

10. Plaintiff Susan Campbell is a resident of Cleveland, Tennessee and was employed by GSP at its Thrifty and Dollar rental car agencies in Chattanooga, Tennessee during times relevant to this action.

## V.

## **ALLEGATIONS**

11. GSP has (and continues to have) franchise rights to operate Thrifty, Dollar and Hertz rental car agencies in Tennessee, South Carolina, North Carolina, Georgia, Virginia, Kentucky and other Eastern states of the United States. Pursuant to such franchise rights, it operates Thrifty, Dollar and Hertz rental car agencies in such Eastern states.

12. The primary function of GSP is to rent automobiles, trucks and other such vehicles to customers at airports and other locations within its franchised territory.

13. GSP is and/or has been the "employer" of the Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times material to this Collective Action Complaint.

14. Plaintiff Campbell and all other similarly situated persons are/were classified by GSP as General Managers at its aforementioned rental car agencies at all times relevant to this action.

15. GSP employed Plaintiff and those similarly situated during all times material to this Collective Action Complaint.

16. GSP, under the direction and control of Defendant Jeff Schoepfel, established and administered pay policies and practices, including pay classifications and overtime pay rates for Plaintiff Campbell, during all times relevant herein.

17. GSP, under the direction and control of Defendant Jeff Schoepfel, has had a centralized plan, policy and practice (scheme) of establishing and administering pay practices for its employees classified as General Managers.

18. At all times material to this action, Plaintiff Campbell and those similarly situated are or have been "employees" of GSP as defined by Section 203(e)(1) of the FLSA.

19. Plaintiff Campbell and those similarly situated have worked for GSP as General Managers at its rental car agencies/franchises located within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

20. At all times material to this action, GSP has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

21. GSP has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce, including such employees as Plaintiff Campbell and others similarly situated at all times relevant herein.

22. GSP employs individuals classified as General Managers whose primary duties are non-managerial in nature and whose principal duties are to interact with customers, process rental car paperwork and inspect rental car vehicles at their respective locations.

23. As General Managers of GSP rental car agencies (locations), the primary duties of Plaintiff and similarly situated putative class members are/were performing the same work as performed by GSP non-exempt hourly-paid employees; that is, checking rental car customers "in and out" and processing the contractual documents relating to such transactions.

24. GSP had a centralized common plan, policy and practice, under the direction and control of Defendant Jeff Schoepfel, to require, force and/or induce Plaintiff and the putative class to work in excess of forty (40) hours per week within weekly pay periods during all times relevant to this action.

25. Pursuant to such centralized common plan, policy and practice, Plaintiff and class members have worked in excess of forty (40) hours per week within weekly pay periods during the relevant statutory limitations' period.

26. GSP has failed to compensate Plaintiff and other class members at a rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week within weekly pay period during the relevant statutory limitations' period.

27. GSP employs a uniform centralized electronic timekeeping system for tracking and reporting hours worked by its employees at each of its car rental agencies (locations).

28. GSP failed to record all hours worked by Plaintiff Campbell and other class members into its uniform centralized electronic timekeeping system within weekly pay periods during the relevant statutory limitations' period.

29. Plaintiff Campbell and other similarly situated employees of GSP, classified as General Managers, who have not been paid overtime compensation for all hours worked in excess of forty (40) hours per week within weekly pay periods, during the relevant statutory limitations' period, are entitled to receive all such overtime compensation due to them from GSP and Defendant Jeff Schoepfel.

30. The net effect of GSP's centralized plan, policy and practice of failing to pay Plaintiff and other similarly situated employees overtime compensation for all hours worked in

excess of forty (40) hours per week within weekly pay periods, was a scheme to save payroll costs and payroll taxes for which GSP has unjustly enriched itself and enjoyed ill gained profits at the expense of Plaintiff and other members of the class.

31. Defendants unlawfully classified and treated Plaintiff and other class members as exempt from overtime compensation, in violation of the FLSA, when it was in their financial interest to do so by failing to pay them at one and one-half times their regularly hourly rate of pay for all hours worked in excess of forty (40) per week within weekly pay periods during all times relevant herein.

32. GSP is unable to bear its burden of showing that Plaintiff Campbell and other class members fall within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303, or 541.304.

33. Although at this stage Plaintiff Campbell is unable to state the exact amount owed to her and other members of the class, she believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

34. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

35. Plaintiff Campbell brings this collective action on behalf of herself and all other persons similarly situated pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b), specifically, as follows:

> All current and former employees of GSP Transportation, Inc. who were classified as exempt General Managers of GSP's Thrifty, Dollar and Hertz Rental Car Agencies who work (or have worked) at any of GSP's rental car agencies within the United States at any time during the applicable limitation's period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations, three years for willful FLSA violations, up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

36. Plaintiff Campbell believes the definition of the class could be further refined following discovery of Defendants' books and records.

37. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

38. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff Campbell at this time and, can only be ascertained through applicable discovery, she believes there are more than 100 individuals in the putative class.

39. The claims of Plaintiff Campbell are typical of the claims of the class. Plaintiff Campbell and the other members of the class work or have worked for GSP at its rental car agencies and were subject to the same operational, compensation and timekeeping plans, policies and practices, including the failure of GSP to pay Plaintiff Campbell and other employees classified as General Managers overtime compensation under the FLSA for all

hours worked in excess of forty (40) hours per week within weekly pay periods during the relevant statutory limitations' period.

40. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff Campbell and other members of the class were misclassified as exempt from the overtime requirements of the FLSA;

- Whether Plaintiff Campbell and other members of the class were expected, induced and/or required to work hours in excess of forty (40) per week, without being paid overtime compensation as required by the FLSA.;

- Whether Defendants suffered and permitted Plaintiff Campbell and other members of the class to work hours without compensation, including hours in excess of forty (40) per week within weekly pay periods during the relevant statutory limitations' period;

- Whether Defendants failed to pay Plaintiff Campbell and other members of the class all applicable straight time wages for all hours worked;

- Whether Defendants failed to pay Plaintiff and other members of the class all overtime compensation due them for all hours worked in excess of forty (40) hours per week within weekly pay period during the relevant statutory limitations' period;

- The correct statutes of limitations for Plaintiff Campbell's claims and the claims of the other members of the class;

- Whether Plaintiff Campbell and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs to Plaintiff Campbell and other class members;

41. Plaintiff Campbell will fairly and adequately protect the interests of the class as her interests are aligned with those of the other members of the class. Plaintiff Campbell has

no interests adverse to the class and, she has retained competent counsel who are experienced in collective action litigation.

42. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

43. Plaintiff Campbell and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented and administered by Defendants.

**COUNT I**

**VIOLATION OF THE FLSA IN CONNECTION WITH OVERTIME COMPENSATION**

44. Plaintiff Campbell, on behalf of herself and the class, repeats and re-alleges Paragraphs 1 through 43 above, as if they were fully set forth herein.

45. At all relevant times, GSP has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiff Campbell and other class members also have engaged in interstate commerce during all relevant times to this Collective Action Complaint.

46. At all relevant times, GSP has employed (and/or continues to employ) Plaintiff Campbell and each of the other members of the class within the meaning of the FLSA.

47. GSP has had a centralized plan, policy and practice of willfully refusing to pay the federal applicable overtime compensation to Plaintiff Campbell and other members of the

class for all hours worked in excess of forty (40) hours per week within weekly pay periods during the relevant statutory limitations' period.

48. At all times relevant, GSP has had actual and/or constructive knowledge of willfully refusing to pay the federal applicable overtime compensation to Plaintiff Campbell and other members of the class for all hours worked in excess of forty (40) hours per week within weekly pay periods during the relevant statutory limitations' period.

49. Defendants did not have a good faith basis for their failure to pay the federal applicable overtime compensation to Plaintiff Campbell and other members of the class for all hours worked in excess of forty (40) hours per week within weekly pay periods during the relevant statutory limitations' period.

50. As a result of GSP's willful failure to pay Plaintiff Campbell and other members of the class the applicable federal overtime compensation for all hours worked over forty (40) per week within weekly pay periods during the relevant statutory limitations' period, it has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

51. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. Due to Defendants' willful FLSA violations and, and their lack of good faith, in their failure to pay Plaintiff Campbell and other members of the class the applicable FLSA overtime compensation for all hours worked in excess of forty (40) hours per week within weekly pay periods during the relevant statutory limitations' period, they are entitled to recover from Defendants' compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and

disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

53. Due to its failure to record all of the work hours of Plaintiff Campbell and all of the work hours of other class members, Defendants have violated the recordkeeping requirements of the FLSA.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Campbell, individually, and on behalf of herself and all other similarly situated members of the class, demand judgment, jointly and severally, against Defendants GSP Transportation, Inc. and Jeff Schoepfel, as well as to request this Court to grant the following relief against Defendants:

A. An Order designating this action as an opt-in collective action on behalf of the class for claims under the FLSA and promptly issuing notice pursuant to 29 U.S.C. § 216 for the claims of the class, apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims resulting from the same policy or practice of misclassification by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime wages to Plaintiff Campbell and other members of the class;

C. An award of liquidated damages to Plaintiff Campbell and other members of the class;

D. An award of prejudgment and post-judgment interest at the rate established by the Secretary of the Treasury, pursuant to 29 U.S.C. § 6221, from the date they became due until the date they are paid.

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff Campbell and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. All applicable statutory and common law damages;

H. A Declaration that Plaintiffs and other members of the class were misclassified as exempt and entitled to unpaid overtime damages and other common law or statutory damages to be proven at trial;

I. A Declaration that Defendants have willfully violated the FLSA;

J. An Order appointing Plaintiff Campbell and her counsel to represent those individuals opting in to the collective action; and

K. Such other general and specific relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated:  February 14, 2017

Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
James L. Holt, Jr. (TN BPR #12123)
J. Russ Bryant (TN BPR #33830)
Paula R. Jackson (TN BPR #20149)
JACKSON, SHIELDS, YEISER & HOLT
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee  38018
Tel:  (901) 754-8001
Fax:  (901) 759-1745
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

*Attorneys for the Named Plaintiff, on behalf of herself and all other similarly situated current and former employees*