UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SUSAN CAMPBELL. Individually, on behalf of herself and all other similarly situated current and former employees, ) ) ) ) | |
| Plaintiff, ) ) | Case No.: 1:17-cv-00045 |
| v. ) ) | |
| GSP TRANSPORTATION, INC., a South Carolina Corporation, d/b/a Thrifty Rental Car Franchisee, Dollar Rental Car Franchisee and Hertz Rental Car Franchisee and JEFF SCHOEPFEL, Individually, ) ) ) ) ) ) ) ) | Mag. Judge Christopher H. Steger |
| Defendants. ) | |

## ORDER

This matter is before the Court on the Parties' Joint Motion for Settlement Approval [Doc. 46]. Plaintiff Susan Campbell ("Campbell" or "Named Plaintiff") and Opt-In Plaintiffs Taylor Boshers, Kevon Williams, Chad Parkison, Shannon Walker, Lanita Greer, and Anna Robinson ("Opt-In Plaintiffs") (collectively, "Plaintiffs"), and Defendants GSP Transportation, Inc. ("GSP") and Jeff Schoepfel ("Defendants"; together with Plaintiffs, the "Parties") have jointly moved for approval of the settlement agreement reached between Plaintiffs and Defendants ("Settlement Agreement") [Doc. 46-1]. For the reasons stated herein, the Joint Motion for Settlement Approval [Doc. 46] is **GRANTED**.

## BACKGROUND

Plaintiffs, who are former salaried managers of GSP, alleged that Defendants violated the Fair Labor Standards Act ("FLSA") by classifying them as exempt from overtime compensation

and not paying them an overtime premium for hours worked in excess of forty per week. Defendants denied Plaintiffs' claims and asserted that Plaintiffs were not owed any overtime or other pay. Specifically, Defendants contended that Plaintiffs were properly classified as exempt from overtime under the administrative and executive exemptions of the FLSA. If this case were to be litigated, Defendants would also oppose certification of the collective action, the amount of overtime allegedly worked, individual liability, liquidated damages, willfulness (which affects the statute of limitations period), Plaintiffs' method of calculating damages, and the reasonableness of Plaintiffs' attorneys fees and costs.

The Court held a hearing on the Joint Motion on June 20, 2018 [Doc. 52]. At the hearing, the Court and the Parties' Counsel discussed the background of the case, the disputed factual and legal issues, the terms of the settlement, and other matters related to settlement approval. Following the hearing, the Parties consented to having United States Magistrate Judge Steger conduct all further proceedings [Doc. 54].

## DISCUSSION

As this case arises under the FLSA, the Parties' Settlement Agreement should be approved by the Court. *See Lynn's Foods Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). There are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the employer's payment of unpaid wages is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores*, 679 F.2d at 1353. Second, in the context of a private lawsuit brought by an employee against his or her employer under Section 216(b) of the FLSA, as in the present case, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment after approving the fairness of the settlement. *Id.*

If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. The Sixth Circuit has identified the following factors to consider in determining whether a settlement is fair and reasonable: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement. *Int'l Union, United Auto, Aerospace and Agr. Implement Workers of Am. v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). The Court may choose to consider only those factors it considers relevant to the settlement at hand, and often, "inquiry into one factor necessarily overlaps with inquiry into another." *In re Cincinnati Policing,* 209 F.R.D. 395, 400 (S.D. Ohio 2002). The Court is not required to determine if the settlement is the fairest possible resolution of the claims of each plaintiff, but rather whether the settlement taken as a whole is fair, adequate, and reasonable. *UAW v. General Motors Corp.,* 2006 U.S. Dist. LEXIS 14890, 2006 WL 89115 at *15 (E.D. Mich. March 31, 2006), *aff'd* 497 F.3d 615 (6th Cir. 2007).

"In reviewing FLSA settlements under *Lynn's Food*, courts should be mindful of the strong presumption in favor of finding a settlement fair." *Parker v. Chuck Stevens Chevrolet of Atmore, Inc.*, 2013 U.S. Dist. LEXIS 102633, 2013 WL 3818886, *2 (S.D. Ala. July 23, 2013) (citations and internal quotation marks omitted). Such deference is warranted because "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement" and "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009).

To avoid further litigation costs, Defendants and Plaintiffs have agreed to settle the claims in this lawsuit. The Settlement Agreement will bind only the Plaintiffs and no other current or former employees of Defendants.[1]  *See* Settlement Agreement [Doc. 46-1]. All Parties are represented by experienced and competent counsel and the Parties engaged in *protracted* arms-length negotiations following substantial informal and formal discovery on the Plaintiffs' claims and Defendants' defenses. Specifically, the Parties and their counsel interviewed potential witnesses, exchanged documents and information (including payroll records, time records, personnel documents, email correspondence, and various other documents related to the duties of Plaintiffs), and deposed and defended depositions of the Named Plaintiff and four Opt-In Plaintiffs. In addition, counsel for the Parties have discussed at considerable length Plaintiffs' assertions and Defendants' defenses, and their respective legal theories and proof, in support of their positions.

The Parties represent that they recognize and acknowledge the expense and length of continued proceedings necessary to litigate conditional certification and decertification of a collective action, summary judgment, trial, and potential appeals. The Parties and their counsel also represent that they have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs have acknowledged the inherent problems of proof and the existence of potentially adverse evidence that Defendants may use to discredit and defend against Plaintiffs' claims. The Parties assert it is

---

[1] This case was filed as a "collective action" under the FLSA. In a collective action, individuals must affirmatively opt in to be bound by the judgment and, when they do so, they become an actual "party plaintiff" to the action. 29 U.S.C. § 216(b). Hence, "Rule 23 actions are fundamentally different from collective actions under the FLSA." *Genesis HealthCare Corp. v. Symczyk,* 133 S. Ct. 1523, 1529 (2012). Here, the settlement is only for those who have opted in to this date, and will not affect the rights of absent parties.

desirable and beneficial that Plaintiffs' claims be fully and finally settled in the manner and upon the terms and conditions set forth in the Settlement Agreement.

The Court finds that the terms of the Settlement Agreement are fair and equitable considering the disputed issues and the time, expense, and burden required by continued litigation. The terms of the Settlement Agreement were negotiated at arms-length with all Parties being fairly and fully represented by counsel of their choosing. Each Plaintiff signed the Settlement Agreement after communicating with Plaintiff's Counsel. The Settlement Agreement is also fair and equitable because the amounts apportioned to the different Plaintiffs take into account the length of employment and amount of overtime hours allegedly worked by each Plaintiff and Opt-In Plaintiffs, as well as the strengths and weaknesses of their respective claims.

Further, Plaintiffs' attorneys' fees and costs are also reasonable. The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiffs' Counsel testified that the amount of attorneys' fees reflects less than the actual lodestar that Plaintiffs' Counsel incurred in prosecuting this litigation, including time spent drafting pleadings, communicating with Plaintiffs, interviewing witnesses, reviewing documents, performing discovery, defending depositions, drafting a motion for conditional certification, and engaging in protracted settlement discussions. Plaintiffs' attorneys and staff have invested well over three hundred (300) hours in the prosecution of this litigation, over one hundred seventy (170) hours of which was attorney-time. *See Exhibit A* to *Plaintiff's Affidavit of Costs*.

## CONCLUSION

Upon due consideration, the Court finds that the terms of the Settlement Agreement [Doc. 46-1] represent a fair and reasonable resolution of a bona fide dispute over wages

pursuant to the Fair Labor Standards Act. Accordingly, the Parties' Joint Motion for Settlement Approval [Doc. 46] is **GRANTED**; the settlements are hereby **APPROVED**; all claims in this action are **DISMISSED WITH PREJUDICE**; and the Clerk of Court is **DIRECTED** to enter judgment. Except as otherwise provided in the Settlement Agreement, each party shall bear its own attorneys' fees and costs.

<u>/s/</u>  *CHRISTOPHER H. STEGER*
UNITED STATES MAGISTRATE JUDGE